NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LOURDESUE SMITH MONTANEZ,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1045

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-4136, Judge Joseph L. Falvey, Jr.

---

Decided: January 19, 2022

---

JOHN D. NILES, Carpenter Chartered, Topeka, KS, argued for claimant-appellant. Also represented by KENNETH DOJAQUEZ.

STEPHANIE FLEMING, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., ELIZABETH MARIE HOSFORD; BRIAN D. GRIFFIN, SAMANTHA

ANN SYVERSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before MOORE, *Chief Judge*, PROST and TARANTO, *Circuit Judges.*

TARANTO, *Circuit Judge.*

Lourdesue Smith-Montanez sought dependency and indemnity compensation (DIC) benefits from the Department of Veterans Affairs (VA) under 38 U.S.C. § 1310 after the death of her husband, a veteran. The death certificate listed acute respiratory distress syndrome, septic shock with multi-organ failure, and renal failure as the causes of death, but at the time of death, and for many years before that, the veteran was receiving disability benefits from VA based on a 10% disability rating for service-connected hypertension. In the proceedings leading to this appeal, the issue arose whether the hypertension was a contributory cause of the veteran's death. *See* 38 C.F.R. § 3.5 (DIC benefits tied to "service-connected death" of veteran); *id.* § 3.312(a) ("The death of a veteran will be considered as having been due to a service-connected disability when the evidence establishes that such disability was either the principal or a contributory cause of death.").

The Board of Veterans' Appeals, in agreement with the relevant VA regional office, denied Mrs. Smith-Montanez's claim for DIC benefits. As relevant here, the Board recited the regulatory standard requiring that a "contributory cause" of a death have "contributed substantially or materially" to the death. *Id.* § 3.312(c)(1); *see* J.A. 25. The Board then found: "The most probative evidence of record does not show that hypertension contributed substantially or materially to cause the Veteran's death." J.A. 26–27.

On appeal to the Court of Appeals for Veterans Claims (Veterans Court), Mrs. Smith-Montanez, for the first time

represented by counsel, invoked 38 C.F.R. § 3.312(c)(3), which provides:

> (3) Service-connected diseases or injuries involving active processes affecting vital organs should receive careful consideration as a contributory cause of death, the primary cause being unrelated, from the viewpoint of whether there were resulting debilitating effects and general impairment of health to an extent that would render the person materially less capable of resisting the effects of other disease or injury primarily causing death. Where the service-connected condition affects vital organs as distinguished from muscular or skeletal functions and is evaluated as 100 percent disabling, debilitation may be assumed.

Mrs. Smith-Montanez argued that the Board had erred in not addressing the first sentence of that regulatory provision in considering the veteran's hypertension (which was not rated 100% disabling, as would be required for the second sentence to apply). The Veterans Court rejected the argument.

Of crucial importance, the Veterans Court concluded that "nothing in Ms. Smith-Montanez's statements before VA or the record, nor hypertension itself, suggests that the veteran's hypertension affected any of his vital organs that resulted in debilitating effects and general health impairment that rendered him materially less capable of resisting the primary causes of his death (i.e., acute respiratory distress syndrome, septic shock with multi-organ failure, and renal failure)." *Smith-Montanez v. Wilkie*, No. 19-4136, 2020 WL 3496373, at \*3 (Vet. App. June 29, 2020). That conclusion reflects the familiar standard governing the Board's duty to address issues that are raised either by the claimant or by the evidence of record itself. *See Robinson v. Shinseki*, 557 F.3d 1355, 1361–62 (Fed. Cir. 2009), *aff'g Robinson v. Peake*, 21 Vet. App. 545, 552–56 (2008).

Because Mrs. Smith-Montanez undisputedly did not invoke § 3.312(c)(3) to the Board, the pertinent part of the Veterans Court's conclusion is that the record itself did not sufficiently support a theory of recovery under § 3.312(c)(3) to trigger a Board duty to raise the theory on its own.

Mrs. Smith-Montanez timely appeals. We have limited jurisdiction under 38 U.S.C. § 7292. As relevant here, we may review the Veterans Court's interpretation of a regulation or other rule of law, but we may not review a factual determination. *Id.* § 7292(d)(1). We affirm.

We need to consider only one legal question. We do not need to decide whether the Veterans Court legally erred to the extent its opinion suggests that the veteran's hypertension here required no careful consideration because it was not an active process affecting a vital organ—without regard to whether, under the second half of the regulatory sentence, the condition "result[ed in] debilitating effects and general impairment of health to an extent that would render the person materially less capable of resisting the effects of other disease or injury primarily causing death." 38 C.F.R. § 3.312(c)(3). If the Veterans Court so concluded at all, it did not rest its decision only on such a conclusion. Rather, the Veterans Court separately concluded that the record did not raise an issue under the second half of the regulation's sentence. *Smith-Montanez*, 2020 WL 3496373, at *3–4. In doing so, the Veterans Court relied on an implicit legal premise that application of the *Robinson* standard permits consideration of that portion of the regulation's sentence. We have jurisdiction to review that legal premise, as Mrs. Smith-Montanez asks us to do.

We see no legal error in the Veterans Court's premise. The regulation states that certain service-connected diseases or injuries warrant careful consideration from a particular viewpoint, namely, whether they have the defined property relating to weakening of resistance to the effects of the primary cause of death. The question whether the

record provides no indication that the asserted contributory cause has that property is a proper part of the *Robinson* inquiry into whether the record provides support for the recovery theory authorized by § 3.312(c)(3). *See* 557 F.3d at 1361 ("Where a fully developed record is presented to the Board with no evidentiary support for a particular theory of recovery, there is no reason for the Board to address or consider such a theory.").

That conclusion brings our review to an end. The Veterans Court applied the full regulatory sentence and determined that there was no sufficient evidence in this case to trigger the *Robinson* duty. That ruling is a determination of "a factual matter" that is "beyond our jurisdiction to review." *Id.* at 1362.

For those reasons, we affirm the decision of the Veterans Court.

The parties shall bear their own costs.

**AFFIRMED**